UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DAN HOWITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 24-cv-13204-ADB |
| | ) | |
| SUZANNE ANDEWAY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER DENYING EMERGENCY MOTION FOR PRELIMINARY INJUNCTION</u>**

BURROUGHS, D.J.

  This housing discrimination action arises from Plaintiff's rental of a Boston condominium owned by the Defendant. With the complaint, Plaintiff filed an emergency motion for preliminary injunction. [Dkt. No. 3]. In the motion, Plaintiff seeks to have this Court enter an order for "the defendant to discontinue [the alleged] abuses of [Plaintiff]" and "the defendant to be enjoined to take various actions, including reimbursing [Plaintiff] for various costs, given [Defendant's alleged] abuse and neglect." <u>Id.</u> at 1. In an effort to provide "context," Plaintiff states that the Defendant's "monstrosity includes unrestrained perjury in Eastern Housing Court, which has caused [Plaintiff] substantial harm." <u>Id.</u> at 2. Specifically, Plaintiff seeks to have this Court order the Defendant to refrain from engaging in the following conduct:

  (a) Disablist communications via email, in-person, voicemail, text, telephone, court hearings, and court filings.
  (b) Terrorizing [Plaintiff] at [his] apartment door, and inside of [his] apartment.
  (c) Severe retaliatory perjury against [Plaintiff].
  (d) Threats (for example of forced entry by smashing [Plaintiff's] door down).
  (e ) Threats of forced removal from [his] apartment, in violation of [his] rights regarding the appeal's process.
  [Plaintiff] also ask[s] that the defendant be enjoined to do the following:

      (f) Hire a realtor or attorney or someone similar to conduct any communications with [Plaintiff] about [his] tenancy, and anything that is related.

Id. at 4.

      "A request for a preliminary injunction is a request for extraordinary relief." Cushing v. Packard, 30 F.4th 27, 35 (1st Cir. 2022). To issue a preliminary injunction under Fed. R. Civ. P. 65, a district court must find that the moving party has established (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm absent interim relief, (3) that the balance of equities weighs in his favor, and (4) that a preliminary injunction is in the public interest. Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). Furthermore, "[t]he burden of demonstrating that a denial of interim relief is likely to cause irreparable harm rests squarely upon the movant." Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). The district court's authority "to issue a preliminary injunction should be sparingly exercised." Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency & Office of Emergency Preparedness, 649 F.2d 71, 76 n.7 (1st Cir. 1981).

      As an initial matter, Plaintiff's motion is not supported with a separate memorandum of reasons, see Local Rule 7.1(b)(1) ("A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted. Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."), and therefore does not address the legal requirements for a preliminary injunction. Rather, Plaintiff incorporates by reference the complaint. While the Court must construe a *pro se* litigant's pleading liberally, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004), "pro se status does not free a

litigant in a civil case of the obligation to comply with the procedural rules." Rivera v Riley, 209 F.3d 24, 27-28, & n. 2 (1st Cir. 2000).

Additionally, Plaintiff has not established that he will suffer irreparable harm in the absence of preliminary relief. Plaintiff has offered no facts, by affidavit, that would support a finding that he would suffer harm absent injunctive relief. The motion consists of unsworn, uncorroborated allegations which are insufficient to sustain a motion for emergency injunctive relief.

Plaintiff's requested relief is too vague for the Court to provide. Federal Rule of Civil Procedure 65(d) sets forth specific requirements for injunction orders. Rule 65(d)(1) states that every order granting an injunction and every restraining order must: (1) "state the reasons why it issued;" (2) "state its terms specifically;" and (3) "describe in reasonable detail" the enjoined acts. Fed. R. Civ. P. 65(d)(1). Plaintiff seeks, among other things, to have this Court enjoin behavior by Defendant that is threatening, terrorizing and disablist. Given that much of the relief Plaintiff requests is very generalized, it would be impossible for the Court to issue an injunction that adequately describes "in reasonable detail" what the Defendant is not allowed to do. The Court cannot simply order the Defendant to stop threatening or terrorizing Plaintiff.

Finally, it is evident from Plaintiff's pleadings that he filed an appeal from an order entered in Andeway v Howitt, No. 24H84SP001406 (E. Hous. Ct. Oct. 9, 2024) (Winik, J.). Because the instant motion seeks relief concerning the state court litigation, the application of the Younger

abstention doctrine[1] and the Rooker-Feldman doctrine[2] bar the injunctive relief sought by Plaintiff because a ruling on the request for injunctive relief would substantially interfere with, and perhaps undermine, the decisions reached by the state court in the pending state court matter.

Accordingly, the emergency motion for preliminary injunction, [Dkt. No. 4], is DENIED WITHOUT PREJUDICE.

SO ORDERED.

February 14, 2025                                    /s/ Allison D. Burroughs
                                                     ALLISON D. BURROUGHS
                                                     U.S. DISTRICT JUDGE

---

[1] The Younger abstention doctrine "requires federal courts, in the absence of extraordinary circumstances, to refrain from interfering with "state "(i) criminal prosecutions, (ii) 'civil proceedings that are akin to criminal prosecutions,' and (iii) proceedings 'that implicate a State's interest in enforcing the orders and judgments of its courts.'" Sirva Relocation, LLC v. Richie, 794 F.3d 185, 189, 192 (1st Cir. 2015) (quoting Sprint Commc'ns, Inc. v. Jacobs, 134 S.Ct. 584, 588 (2013)).

[2] The term "Rooker-Feldman doctrine" is shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). "Under the Rooker-Feldman doctrine, 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" Tyler v. Supreme Judicial Court of Massachusetts, 914 F.3d 47, 50 (1st Cir. 2019) (quoting Lance v. Dennis, 546 U.S. 459, 463 (2006)); see also Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 66–67 (1st Cir. 2018) ("Put simply, a federal court's application of the Rooker-Feldman doctrine is not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit. Instead, the critical datum is whether the plaintiff's federal suit is, in effect, an end-run around a final state-court judgment.").