**UNITED STATES DISTRICT COURT | DISTRICT OF MASSACHUSETTS**

Dan Howitt,
                          Plaintiff,                                                      1:24CV13204ADB

v

Suzanne Andeway,
                          Defendant.

**PLAINTIFF'S MOTION FOR LEAVE TO APPEND MY AMENDED COMPLAINT WITH THIS DOCUMENT ON THE CIVIL RELEVANCE OF THE VIOLATIONS OF TWO FEDERAL CRIMINAL STATUTES THAT ARE PRESENTED IN PLAINTIFF'S AMENDED COMPLAINT**

**INDEX:**

Decision Invoked:  *Thompson v Clark*, 596 U.S. 36 (2022)

On the following bases, I ask the court if, if the court thinks that it is needed, I could assert the civil relevance of my claims about violations of two federal criminal statutes.

1

(a) I should have provided a better explanation for why I raise causes of action regarding violations of two federal criminal statutes, namely 42 USC s3631 and 18 USC s1705.

(b) I do not ask for, nor imply, that I would like the court to prosecute these violations;

(c) I understand that private citizens cannot request this;

(d) I should have instead focused only the civil relevance of my criminal claims;

(e) *Thompson v Clark*, 596 U.S. 36 (2022):  Victims of federal crime can sue in federal civil court for monetary damages regardless of whether a criminal case was ever filed, or ever will be filed, and (if one was filed) regardless of whether the perpetrator(s) were convicted, or acquitted, or if the charge(s) were withdrawn;

(f) Criminal cases require proof "beyond a reasonable doubt", but civil cases only require a "preponderance of the evidence" (meaning whether it is more likely than not that the criminal violation(s) occurred).

2          A plaintiff in Massachusetts can claim civil damages for violations of 42 USC s3631, which makes it a criminal offense to use force or threaten to use force to interfere with fair housing rights due to handicap.  While 42 USC s3631 is a criminal statute, its prohibitions align with the civil remedies allowed under the Fair Housing Act (FHA) and the Massachusetts Civil Rights Act (MCRA), allowing victims to seek compensation for injuries sustained.

1

**Civil Rights Injunctions & Damages:** Under the MCRA (similar to protections in 42 USC s3631), the Massachusetts Attorney General's Office or private individuals can seek injunctions, compensation, and damages against a perpetrator who threatens, intimidates, or coerces another based on protected characteristics.

**Proof Required:** Plaintiffs must show the defendant's acts—such as threats or violence—interfered with their housing rights.

**Damages Available:** Civil lawsuits for these violations can result in compensation for emotional distress, lost wages, and medical bills.

**Private Action:** Victims can initiate civil suits independently of any criminal charges brought by the federal government.

Although 42 USC § 3631 is technically a criminal statute, its application in civil lawsuits in Massachusetts—frequently paired with the Massachusetts Civil Rights Act—allows for the recovery of civil damages.

Submitted by,

Dan Howitt, 4/1/26

CERTIFICATE OF SERVICE AND LOCAL RULE 7.1 COMPLIANCE:  I served this document today to the defendant via efile.  Due to the abusive nature of the defendant, conference regarding motions is not possible.

2