|  |  |  |
|---|---|---|
| DAN HOWITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:24-cv-13204-ADB |
| | ) | |
| SUZANNE ANDEWAY, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT,
MOTION TO ADD COUNTS TO COMPLAINT,
AND MOTION TO APPEND COMPLAINT
[Docket No. 71, 77, 83, 84] [1]

April 7, 2026

Boal, M.J.

Pro se plaintiff Dan Howitt brings claims against pro se defendant Suzanne Andeway related to his rental of her apartment. See Docket No. 46 ¶ 4. After the clerk's entry of default as to Andeway, Howitt moved for default judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. Docket Nos. 69, 71. Howitt also filed motions to add counts to and append his amended complaint. Docket Nos. 77, 83. For the following reasons, this Court recommends denying the motions.[2]

---

[1] Howitt also moves for a temporary restraining order against Andeway. Docket No. 84. Because this Court finds that it lacks subject matter jurisdiction over the entire case, as detailed below, it recommends the motion for injunctive relief be denied as moot.

[2] On April 24, 2025, Judge Allison D. Burroughs referred to the undersigned pretrial management of this case, including issuance of report and recommendations on dispositive motions. Docket No. 38.

I. BACKGROUND AND PROCEDURAL HISTORY

On December 27, 2024, Howitt filed a complaint against Andeway, which was amended on July 28, 2025. See Docket Nos. 1, 46, 48. On August 14, 2025, Howitt filed a motion for entry of default, to which he attached an email between himself and Andeway. Docket No. 53. In the email, Andeway indicated that, notwithstanding Howitt's filing of the amended complaint, she was still waiting for the court to dismiss this action. Id. at 2. Because she did not timely answer or move to dismiss the amended complaint, this Court extended Andeway's time to either file an answer or a motion to dismiss until September 19, 2025. Docket No. 57. Despite filing an answer to the first complaint as well as a motion to dismiss, see Docket Nos. 20, 26, Andeway still did not respond to Howitt's amended complaint. Accordingly, on September 29, 2025, this Court granted Howitt's motion for entry of default. Docket No. 70.

On September 30, 2025, Howitt filed a motion for default judgment, followed by a motion to add counts to his amended complaint on October 19, 2025. Docket Nos. 71, 77. Meanwhile, on October 7 and 15, 2025, respectively, Andeway filed a letter and an opposition to the notice of entry of default. Docket Nos. 72, 73. On April 1, 2026, Howitt filed a motion to append his amended complaint. Docket No. 83.

II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure outlines a two-step process to obtain a default judgment. First, the court clerk must enter a default notice "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, the plaintiff must then apply for a default judgment from the court where, as here, the plaintiff's claim is not for a "sum certain." Fed. R. Civ. P. 55(b). "Nevertheless, a default judgment will not be entered unless

1) the Court has both personal and subject matter jurisdiction, 2) the allegations in the complaint state a cognizable claim of liability against defendant and 3) those allegations merit an award of damages." Strike 3 Holdings, LLC v. Doe, 757 F. Supp. 3d 99, 103 (D. Mass. 2024).

III.    ANALYSIS

Howitt's motion for default judgment fails at the outset because this Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) (court must dismiss action for lack of subject matter jurisdiction). In a non-diversity case,[3] federal district courts have original jurisdiction over civil actions involving federal questions. 28 U.S.C. § 1331. Federal question jurisdiction concerns claims "arising under the Constitution, laws, or treaties of the United States." Id. Federal question jurisdiction is restricted "to instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint." Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998). Although the Court takes as true the well-pleaded facts of the complaint, "a plaintiff cannot rest a jurisdictional basis merely on unsupported conclusions or interpretations of law." Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (internal quotation marks and citations omitted). Importantly, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998).

Although Howitt's complaint references several federal statutes, those claims lack merit. Howitt's complaint alleges thirteen counts of discrimination by public accommodations, in violation of 42 U.S.C. § 12182; two counts of destruction of letter boxes or mail, in violation of

---

[3] There is no diversity jurisdiction here, as Howitt and Andeway are citizens of Massachusetts. See Docket No. 46 ¶¶ 1-2.

18 U.S.C. § 1705; and two counts of interference with housing rights by force or threat of force, in violation of 42 U.S.C. § 3631.  Docket No. 46 ¶¶ 43-45.  Howitt's remaining claims appear to be tort claims alleging two counts of defamation and one count of intentional infliction of emotional distress.  Id. ¶¶ 46-47.

Howitt's complaint fails to allege a cause of action in violation of 42 U.S.C. § 12182 because that statute governs places of public accommodation, not private rental properties.  See 42 U.S.C § 12181 (defining "public accommodation" as "an inn, hotel, motel, or other place of lodging").  See also Glasby v. Mercy Hous., Inc., No. 17-CV-02153-DMR, 2017 WL 4808634, at *5 (N.D. Cal. Oct. 25, 2017) (§ 12182 "only applies to public accommodations, which include hotels and motels, but not residential apartment complexes") (citing cases).

Howitt's claims under 18 U.S.C. § 1705 also fail at the outset as a matter of law because § 1705 is a criminal statute that does not supply a private cause of action.  See generally Ritrovato v. United States Postal Serv. Fed. Credit Union, No. 23-1865, 2024 WL 1714663, at *1 (1st Cir. Mar. 21, 2024) ("it is well established that, unless a federal criminal statute specifically provides for a private cause of action, there generally is no private right of action under that statute"); see also Bullis v. Kullman, No. 2:19-CV-11724, 2019 WL 2743395, at *3 (E.D. Mich. July 1, 2019) (§ 1705 does not provide a private cause of action).  Howitt's claims under 42 U.S.C. § 3631 fail for the same reason.  See McZeal v. Ocwen Fin. Corp., 252 F.3d 1355, 2001 WL 422375, at *2 (5th Cir. 2001) (no private cause of action under § 3631).  See also McCray v. U.S. Postal Serv., No. CIV.A. 10-30171-MAP, 2011 WL 7429503, at *4 (D. Mass. Nov. 15, 2011) (same).

With no actionable federal claims, this Court does not possess supplemental jurisdiction over the remaining state law claims.  In order for a state law claim to be subject to supplemental

jurisdiction, the court must have original jurisdiction over a federal claim arising out of the same common nucleus of operative fact as the state law claims. See 28 U.S.C. § 1367(a) (providing that "in any civil action of which the courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy"). Here, the only remaining counts in the amended complaint appear to be tort claims that are not governed by federal law. See Reardon v. Wallace, No. 1:25-CV-00254-SDN, 2025 WL 2080895, at *2 (D. Me. July 24, 2025) ("defamation and intentional infliction of emotional distress are state law tort claims"). Thus, Howitt has failed to allege any specific violation of federal law or plead any facts suggesting that he may have a colorable claim arising under federal law. Given that Howitt's complaint relies on federal question jurisdiction, this Court lacks subject matter jurisdiction, and Howitt's complaint should be dismissed.

This Court also recommends denying Howitt's motion to add counts to the complaint as moot. Denial of the motion to add counts and append materials to the amended complaint is also appropriate on the merits. Because the motion seeks to add counts alleging violations of 42 U.S.C. § 12182, which is inapplicable in this case as explained above, and state law, which does not necessarily provide federal question jurisdiction, the counts may be added at the discretion of the court through supplemental jurisdiction over the state law claims. Howitt's claims of a violation of Mass. Gen. Laws c. 272, § 98, suffer from the same issues as his claims under 42 U.S.C. § 12182. Section 98 prohibits discrimination in a place of public accommodation, not residential accommodation. See Monopoli v. Ocean Spray Condo. Unit Ass'n, No. 061902D, 2008 WL 5146849, at *2 (Mass. Super. Sept. 15, 2008) ("there can be no claim that [a residential condominium] was a 'place of public accommodation' pursuant to G.L.

c. 272 Section 98"). Accordingly, exercising supplemental jurisdiction over the state law claims is unwarranted. See <u>NIMCO Real Est. Assocs., LLC v. Nadeau</u>, No. 16-CV-406-JD, 2017 WL 1113341, at *10 (D.N.H. Mar. 23, 2017) (declining to exercise supplemental jurisdiction over state law claims where federal claims dismissed). <u>See</u> <u>also</u> 28 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction").

IV.     RECOMMENDATION

For the foregoing, I recommend that Judge Burroughs deny the motions and dismiss this case for lack of subject matter jurisdiction.

V.     REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which the objection is made, and the basis for such objections. <u>See</u> Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. <u>See</u> <u>Phinney v. Wentworth Douglas Hospital</u>, 199 F.3d 1 (1st Cir. 1999); <u>Sunview Condo. Ass'n v. Flexel Int'l, Ltd.</u>, 116 F.3d 962 (1st Cir. 1997); <u>Pagano v. Frank</u>, 983 F.2d 343 (1st Cir. 1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE