UNITED STATES DISTRICT COURT | DISTRICT OF MASSACHUSETTS

Dan Howitt,
                    Plaintiff,                                                                      1:24CV13204ADB
v
Suzanne Andeway,
                              Defendant.

**FINAL REPLY/OBJECTION TO COURT'S DOCUMENT 85 RECOMMENDATION**

J. Boal, in discussing my 42 USC s3631 claims in her Document 85, completely ignores every aspect of my Document 83 arguments and discussion about those claims.  I demonstrate the civil relevance of those claims, and as such, those claims should be allowed as valid civil claims in my current amended complaint.  (I also do so regarding 18 USC s1705).

Again I asked the court yesterday in my Documents 90-91 if I could have leave to amend my complaint a second and final time in which I reassert the Federal Fair Housing Act claims of mine that are in my initial complaint, and from that "nucleus", the above violations are additionally relevant, as are the tort matters.

While the following would be resolved with the reassertion of my Federal Fair Housing Act claims, I will state the following.  Regarding my USC and MGL public accommodations claims, most of my claims are about what occurred via email, and The First Circuit is a leader in interpreting the ADA to cover non-physical spaces, establishing that electronic, non-physical locations can be "places of public accommodation."  Key cases include *Carparts Distribution Center, Inc. v. Automotive Wholesaler's Association of New England, Inc.* (1st Cir. 1994), and *National Association of the Deaf v. Netflix, Inc.* (D. Mass), which found that digital services are covered.

The First Circuit, alongside the Seventh, is recognized as taking a broader view that "electronic space"—including websites and related digital communications like email—can qualify as places of public accommodation under Title III of the ADA, even without a direct physical nexus.
*Carparts Distribution Ctr. v. Auto. Wholesaler's Ass'n* **(1st Cir. 1994):**  This landmark case held that the definition of "public accommodation" under Title III of the ADA is not limited to physical, brick-and-mortar structures, expanding it to include virtual spaces.

1

*National Association of the Deaf v. Netflix, Inc.* **(D. Mass 2012):**  A federal court in Massachusetts held that Netflix's "Watch Instantly" internet video-streaming service constitutes a place of public accommodation, rejecting the need for a physical, brick-and-mortar nexus.

*NAD v. Harvard* **(1st Cir. related litigation):**  The First Circuit has generally focused on whether disabled individuals are denied "meaningful access" to benefits offered by a service provider, affirming that digital platforms, like educational websites, must be accessible.

To be appealed to the First Circuit Appeals Court if denied.

Submitted by,

Dan Howitt, 4/8/26

CERTIFICATE OF SERVICE:  I served this document today to the defendant via efile.

2