UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAN HOWITT,<br><br>Plaintiff,<br><br>v.<br><br>SUZANNE ANDEWAY,<br><br>Defendant. | ) | Civil Action No. 1:24-cv-13204-ADB |

ORDER ON PLAINTIFF'S
MOTIONS TO AMEND THE COMPLAINT
[Docket Nos. 97, 107, 108]

October 9, 2026

Boal, M.J.

Pro se Plaintiff Dan Howitt seeks leave to amend his complaint after Judge Burroughs dismissed the action for lack of subject matter jurisdiction. See Docket Nos. 94, 107, 108.[1] In his proposed fourth amended complaint, Howitt seeks to cure the jurisdictional defects of his prior pleadings by alleging new facts and claims arising under the Fair Housing Act, 42 U.S.C. §§ 3604, et seq. (FHA). For the following reasons, this Court grants Howitt's motion to amend his complaint.[2]

[1] On April 24, 2025, Judge Allison D. Burroughs referred to the undersigned pretrial management of this case, including issuance of report and recommendations on dispositive motions. Docket No. 38.

[2] In this district, courts have found that a motion to amend is a non-dispositive matter under Rule 72(a) of the Federal Rules of Civil Procedure. See Trustees of Bos. Univ. v. Everlight Elecs. Co., C.A. No. 12-11935-PBS, Docket No. 883 (D. Mass. Oct. 10, 2014); see also Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993).

## I. PROCEDURAL HISTORY

On April 10, 2026, Judge Burroughs dismissed this case for lack of subject matter jurisdiction. Docket No. 93. Three days before that ruling, Howitt filed a motion to amend the complaint. Docket No. 91. Because Judge Burroughs was ruling on a report and recommendation, she stated that Howitt's "argument for amendment must be presented to the magistrate judge in the first instance and does not provide any ground for this Court to disturb the report and recommendation." Docket No. 93. Howitt then filed a motion to vacate the dismissal of the case. Docket No. 95. Judge Burroughs denied the motion and stated, "Plaintiff is advised that his amended complaint was dismissed without prejudice. See Docket No. 94. If Plaintiff wishes to file a second amended complaint, he must file a motion for leave to amend and attach his proposed second amended complaint to that motion." Docket No. 96. Howitt then filed motions to amend on April 12, 2026, July 30, 2026, and August 17, 2026. Docket Nos. 97, 107, 108. This Court will treat the fourth amended complaint as the operative one.[3]

## II. STANDARD OF REVIEW

Normally, once judgment has entered, the district court is without power to allow an amendment to the complaint because there is no complaint left to amend. Fisher v. Kadant, Inc., 589 F.3d 505, 509 (1st Cir. 2009) (citation omitted). However, given the procedural posture of this case, and in particular, because Howitt filed a motion to amend before the dismissal and was advised to file a motion to amend after the dismissal, which he did, this Court finds that it is appropriate to evaluate Howitt's motion to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Although Rule 15(a) of the Federal Rules of Civil Procedure directs courts to

[3] For that reason, this Court denies the April 12 and July 30, 2026, motions as moot.

"freely give leave when justice so requires," a court need not allow an amended complaint where the amendment would be futile. "[I]n reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." Afridi v. Residential Credit Sols., Inc., 189 F. Supp. 3d 193, 197 (D. Mass. 2016) (quoting Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)). A well pleaded complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For Howitt to survive a motion to dismiss, his complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A mere recital of the legal elements supported only by conclusory statements is insufficient. Id. at 555. When reviewing a motion to dismiss a pro se complaint, courts are required to interpret the complaint liberally. Sause v. Bauer, 585 U.S. 957, 960 (2018).

## III. ANALYSIS

In the proposed fourth amended complaint, Howitt alleges violations of 42 U.S.C. §§ 3601, 3604(c), 3604(f)(2), and 3617, as well as state law claims. Docket No. 108-1 at ¶¶ 29-31. He alleges that defendant Andeway has rented an apartment to him since November 2, 2023. Docket No. 108-1 at 1. He further alleges throughout the complaint that Andeway has made statements about his disability many times in connection with renting the property to him.

The FHA makes it unlawful to "make, print, or publish . . . any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation or discrimination" based on a disability.[4] 42 U.S.C. § 3604(c). "This claim can be

[4] The FHA uses the term "handicap." 42 U.S.C. § 3604. The definition of "handicap" under the FHA mirrors that of "disability" under Section 504 (as well as the ADA). Summers v. City of

established by showing that the statement communicates discrimination in an obvious or undeniable way to an ordinary reader, or that it is discriminatory through proof of extrinsic circumstances demonstrating discriminatory intent." Torres v. Rothstein, No. 19-594, 2020 WL 7696084, at *4 (D. Nev. Dec. 26, 2020) (citations omitted). A statement is prohibited under § 3604(c) if it "suggests to an ordinary reader that a particular protected group is preferred or dispreferred for the housing in question." Brookline Opportunities, LLC v. Town of Brookline, 682 F. Supp. 3d 168, 187-188 (D.N.H. 2023) (citation omitted).

The FHA further provides that it is unlawful "[t]o discriminate against any person . . . in the provision of services or facilities in connection with [a] dwelling," because of that person's disability. 42 U.S.C. § 3604(f)(2). Such discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

Finally, § 3617 of the FHA makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [inter alia] . . . Section 3604." 42 U.S.C. § 3617. "A Section 3617 interference claim requires proof of three elements: (1) that the plaintiff exercised or enjoyed 'any right granted or protected by' Sections 3603–3606; (2) that the defendant's conduct constituted interference; and (3) a causal connection existed between the exercise or enjoyment of the right and the defendant's conduct." Revock v. Cowpet Bay W.

---

Fitchburg, 940 F.3d 133, 139 n.1 (1st Cir. 2019). For ease of reference, this Court uses the term "disability."

Condo. Ass'n, 853 F.3d 96, 112–13 (3d Cir. 2017). Interference under Section 3617 may consist of harassment provided that it is sufficiently severe or pervasive as to create a hostile environment. Id. at 113.

Accepting Howitt's representation of Andeway's statements as true, which it must at this stage, this Court finds that Howitt has sufficiently pled a federal cause of action to withstand a futility argument. For example, he repeatedly refers to statements by Andeway, his landlord, that mention his disability and both threaten him and/or link the provision or lack of provision of services to his disability. Therefore, this Court grants Howitt's fourth motion to amend the complaint. Howitt may file the approved fourth amended complaint on the docket. He must serve that complaint by mail on Andeway pursuant to Rule 5 of the Federal Rules of Civil Procedure. The Clerk is directed to reopen the case.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE